MAX BEER, APPELLEE, V. JOHN E. WISNER ET AL.,
APPELLANTS.

FILED SEPTEMBER 20, 1905. No. 13,879.

Real Estate Contract: CONSTRUCTION. A party borrowed the amount necessary to pay the purchase price of certain real estate, for the purchase of which he had made an oral contract with the owner, giving his note therefor. To secure the payment of the note it was orally agreed among the vendor, the vendee and the payee of the note that upon payment of the note the title of the real estate should be conveyed to the vendee, but upon default in such payment it should be conveyed to the bank. Afterwards the vendee was adjudged a bankrupt and a trustee appointed for his estate. *Held:*

(1.) That so long as the vendee, or those claiming under him, base their claim upon the three-sided contract, they must accept it in its entirety, and will not be permitted to avail themselves of those terms which are favorable and reject those which are onerous.

(2.) That the vendee took merely the equitable title, subject to a lien in favor of the holder of the note for the amount due thereon, and that the trustee of his estate occupies no more advantageous position.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Becler & Muldoon,* for appellants.

*Wilcox & Halligan, contra.*

ALBERT, C.

This is an appeal from a decree of foreclosure. It appears from the record that one Baskins was formerly the owner in fee of the real estate involved, and that he entered into an oral contract for the sale thereof to one Baker. To enable Baker to raise the money to pay the purchase price, it was orally agreed among Baskins, Baker and the First National Bank of North Platte that the bank should advance the money required, taking Baker's note therefor; that upon the payment of this note the fee title to the premises should pass to Baker, but upon default in the payment of the note the title should pass to the bank. In pursuance of this agreement the bank advanced the money, which was paid to Baskins; Baker executed his note therefor to the bank, and Baskins executed a deed to the real estate, leaving a blank space for the insertion of the grantee's name, and delivered it to the president of the bank, with the understanding on the part of all concerned that, upon payment of Baker's note to the bank, the president should insert Baker's name in the deed as grantee and deliver it to him, but that, upon default of such payment, the name of the bank should be inserted as grantee and the deed delivered to it. Under this arrangement Baker took possession of the premises. Afterwards Baker transferred his interest in the premises to one Hamilton, and, in pursuance of an oral arrangement among the parties concerned, Baker's note to the bank was canceled, and that of Hamilton taken instead, with the same understanding for the transfer of the title to the premises on payment of this note or in default of such payment as had previously existed, save that Hamilton stood in the place of Baker. Hamilton in turn transferred his interest in the premises to the defendant Wis-

ner, and thereupon his note to the bank was canceled, and that of Wisner taken instead for the balance due on the purchase price. The understanding for the transfer of the title to the premises was renewed with respect to Wisner, who took possession and continued in possession of the premises until March 14, 1903, when he was adjudged a bankrupt, and the defendant Roach was appointed trustee of his estate. The trustee thereupon leased the premises to the defendant F. E. Wisner. On the 17th day of March, 1903, the bank transferred Wisner's note, which had been given in lieu of Hamilton's and which was then past due, to the plaintiff, and thereupon the plaintiff's name was inserted as grantee in the deed and the deed delivered to him. Afterwards on the 17th day of February, 1904, without any further consideration, Baskins executed and delivered to the plaintiff a quitclaim deed for the premises. The trial court found that the plaintiff had a lien on the premises for the amount due on the note given by Wisner to the bank for the balance due on the purchase price, and entered a decree of foreclosure, from which the trustee of the bankrupt estate alone appeals.

The appellant contends that the bank had no lien on the premises, and consequently none passed to the plaintiff by the transfer to him of the note by the bank. The argument in support of this contention is based on two propositions which are thus stated in the brief: (1) "The deed was void for all purposes, being executed and delivered in blank, and therefore no rights could be based thereon." (2) "The delivery of the deed, even though a valid deed, would not create a lien or mortgage, because it was not accompanied with any writing signed by any of the parties sought to be charged, wherein it was agreed that the deed should operate as a mortgage on the premises to secure said note, and this was the condition of matters on the said 13th day of March, 1903, when the defendant Wisner was adjudged a bankrupt, and upon which day the rights and interests of the trustees became vested."

Both of these propositions might be conceded, and still the plaintiff's right to a lien on the premises would not be negatived. Whatever right the appellant, the trustee of the bankrupt's estate, has in the premises, must be based on the three-sided contract for the purchase of the premises, and so long as he claims under that contract, he must accept or reject it in its entirety; he will not be permitted to avail himself of those terms which are favorable to him and reject those which are onerous. By the terms of that contract the title in fee simple was to pass to the bankrupt upon the payment of his note to the bank, and in default of such payment the title was to pass to the bank. The bankrupt could never compel a conveyance of the title in fee to him until he had performed or offered to perform his part of the three-sided contract, namely, paid his note to the bank; and the trustee of the estate of the bankrupt obviously occupies no better position. The note has not been paid, and the decree of the district court, which is an ordinary decree of foreclosure of a mortgage lien, is as favorable to the trustee as he has a right to ask, and we recommend that it be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.